# EXHIBIT "A"

Filing # 68469833 E-Filed 02/26/2018 03:40:36 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

CHERYL SCOTT, individually,

    Plaintiff,

vs.

DOLLAR TREE STORES, INC., and ALEX SEBASTIAN, individually,

    Defendants.

_____/

**COMPLAINT**

COMES NOW, Plaintiff, CHERYL SCOTT, individually, and hereby sues Defendants DOLLAR TREE STORES, INC., (hereinafter referred to as "DOLLAR TREE") and ALEX SEBASTIAN, and allege as follows:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. Venue is proper in the 11th Judicial Circuit in and for Miami-Dade County, Florida because the alleged tortious conduct occurred in Miami-Dade County, Florida.

3. At all times material, Plaintiff CHERYL SCOTT, is and was a resident of Miami-Dade County, Florida, over the age of eighteen (18) years and otherwise sui juris.

4. At all times material, the Defendant, DOLLAR TREE, INC., (hereinafter "DOLLAR TREE"), is a for-profit corporation licensed to conduct and conducting business in Florida. Defendant, DOLLAR TREE, is subject to personal jurisdiction in the State of Florida because it is engaged in substantial and not isolated activity within the state of Florida; and

Plaintiff's action arises from DOLLAR TREE operating, conducting, engaging in, or carrying on business in Florida or having an office or agency in Florida; committing a tortious act within Florida; or causing injury to persons or property within Florida at or about the time that it was engaged in solicitation or service activities within Florida.

5. DOLLAR TREE is in the business of, *inter alia*, discounted variety retail. At all times material hereto, the Defendant, DOLLAR TREE, owned, managed, maintained, and/or operated the DOLLAR TREE store #4225 located at 596 W 49th Street, Hialeah, Florida 33012.

6. At all times material hereto, the Defendant CHERYL SCOTT, is and was a resident of Miami-Dade County, Florida, with a primary residence located at 962 NW 25th Avenue, Miami, Florida 33125, and is otherwise *sui juris*.

7. At all times material hereto, ALEX SEBASTIAN (hereinafter "ALEX"), managed and/or operated the DOLLAR TREE located at 596 W 49th Street, Hialeah, Florida 33012.

8. On October 25, 2016, at approximately 11:00 a.m., CHERYL SCOTT was injured when a slippery and poorly maintained floor at the DOLLAR TREE store #4225 located at 596 W 49th Street, Hialeah, Florida 33012 caused her to fall and sustain serious injuries.

### COUNT I
### NEGLIGENCE AGAINST DOLLAR TREE, INC.

9. Plaintiff realleges and incorporates the allegations as set forth in paragraphs 1 through 8 above, as though fully set forth herein.

10. On or about October 25, 2016, DOLLAR TREE owned, maintained, supervised, and/or operated the DOLLAR TREE store #4225 located at 596 W 49th St., Hialeah, Florida 33012, which is hereinafter referred to as "the Store."

11. On or about October 25, 2016, and at all other material times hereto, the Defendant, DOLLAR TREE, was responsible for the supervision, cleaning, repair, maintenance, inspection, and/or warning of the dangers of the Store wherein the Defendant, by and through its agents, servants, representatives, contractors and/or employees operated, controlled, maintained, and conducted business.

12. At that time and place, CHERYL SCOTT was an invitee on said premises and thereupon was caused to fall because of the Defendant's negligent acts, which included, but are not limited to negligently allowing defective conditions to exist, including but not limited to slippery, and poorly maintained flooring, in an area where an invitee such as CHERYL SCOTT, could fall.

13. Defendant by or through its agents, servants, representatives, contractors and/or employees, was negligent and otherwise fell below acceptable standards of care including, but not limited to the following:

   A. by carelessly and negligently failing to inspect and maintain the flooring in a reasonably safe condition as aforesaid in paragraph 12, Defendant created a dangerous condition to patrons who were ambulating in said Store, including specifically, CHERYL SCOTT;

   B. by failing to correct a dangerous condition as aforesaid in paragraph 12 of which it knew or should have known by the use of reasonable care;

   C. by negligently failing to warn CHERYL SCOTT of a dangerous condition as aforesaid in paragraph 12 concerning which Defendant had, or should have had, greater knowledge than that of CHERYL SCOTT; and

   D. by failing to have appropriate policies and procedures in place so that agents, servants, representatives and contractors hired to perform maintenance did so in accordance with acceptable, unambiguous, and consistent standards and procedures for acceptable maintenance and inspection to keep the premises in a reasonably safe and non-defective condition for customers, such as CHERYL SCOTT.

14. As a direct and proximate result of Defendant's commission of one or more of the negligent acts or omissions set forth above in paragraph 13 (A-C), as aforesaid, CHERYL SCOTT suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of preexisting conditions(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and CHERYL SCOTT will suffer the losses in the future.

WHEREFORE, CHERYL SCOTT demands judgment for damages against the Defendant, DOLLAR TREE, for compensatory damages in excess of the minimum jurisdictional limits of this Court, to wit: Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

## COUNT II
## NEGLIGENCE AGAINST ALEX SEBASTIAN

15. Plaintiff realleges and incorporates the allegations as set forth in paragraphs 1 through 8 above, as though fully set forth herein.

16. On or about October 25, 2016, SEBASTIAN managed, maintained and/or operated the Store.

17. On or about October 25, 2016, the Defendant, SEBASTIAN, was responsible for the management, cleaning, repair, maintenance, inspecting, and/or warning of the dangers of the Store wherein the Defendant, by and through his agents, servants, representatives, contractors and/or employees operated, controlled, maintained, and conducted business.

18. At that time and place, CHERYL SCOTT was an invitee on said premises and thereupon was caused to fall because of the Defendant's negligent acts, which included, but are not limited to negligently allowing defective conditions to exist, including but not limited to

slippery, and poorly maintained flooring, in an area where an invitee such as CHERYL SCOTT, could fall.

19. Defendant by or through his agents, servants, representatives, contractors and/or employees, was negligent and otherwise fell below acceptable standards of care including, but not limited to the following:

    A. by carelessly and negligently failing to inspect and maintain the flooring in a reasonably safe condition as aforesaid in paragraph 18, Defendant created a dangerous condition to patrons who were ambulating in said Store, including specifically, CHERYL SCOTT;

    B. by failing to correct a dangerous condition as aforesaid in paragraph 18 of which it knew or should have known by the use of reasonable care;

    C. by negligently failing to warn CHERYL SCOTT of a dangerous condition as aforesaid in paragraph 18 concerning which Defendant had, or should have had, greater knowledge than that of CHERYL SCOTT; and

    D. by failing to have appropriate policies and procedures in place so that agents, servants, representatives and contractors hired to perform maintenance did so in accordance with acceptable, unambiguous, and consistent standards and procedures for acceptable maintenance and inspection to keep the premises in a reasonably safe and non-defective condition for customers, such as CHERYL SCOTT.

20. As a direct and proximate result of Defendant's commission of one or more of the negligent acts or omissions set forth above in paragraph 19 (A-C), as aforesaid, CHERYL SCOTT suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of preexisting conditions(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and CHERYL SCOTT will suffer the losses in the future.

WHEREFORE, CHERYL SCOTT demands judgment for damages against the Defendant, SEBASTIAN, for compensatory damages in excess of the minimum jurisdictional limits of this Court, to wit: Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

## DEMAND FOR JURY TRIAL

The Plaintiff, CHERYL SCOTT, further demands a trial by jury of all issues triable as a right by jury.

| | |
|---|---|
| **DAVIS GOLDMAN, PLLC** | **BENJAMIN R. JACOBI, P.A.** |
| *Attorneys for Plaintiff* | *Co-Counsel for Plaintiff* |
| Four Seasons Office Tower | 1313 NE 125th Street |
| 1441 Brickell Avenue, Suite 1400 | North Miami, FL 33161 |
| Miami, FL 33131 | Telephone: (305) 893-4135 |
| Telephone: (305) 800-6673 | Primary E-Mail: jacobilawfirm@aol.com |
| Primary E-mail: adavis@davisgoldman.com | Secondary E-Mail: service.jacobilaw@gmail.com |
| Secondary e-mail: eservice@davisgoldman.com | |
| | |
| By: *s/Aaron Davis* | By: *s/Benjamin Jacobi* |
| **AARON P. DAVIS** | **BENJAMIN R. JACOBI** |
| Fla. Bar No. 58463 | Fla. Bar No. 156458 |